```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FAYETTEVILLE DIVISION
```

**DAVID MARTIN PYLE**                                              **PLAINTIFF**

v.                    Civil No.: 5:11-cv-5038

**DR. JOHN HUSKINS and**
**SHERIFF KEITH FERGUSON**                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

David Pyle, (Plaintiff), currently a resident of Milton, Florida, filed this case pro se and *in forma pauperis* under 42 U.S.C. § 1983. (Docs. 1-3). Now before the Court is the Motion for Order to have a Second Medical Opinion, filed by Plaintiff. (Doc. 9). The Court will construe this motion as a Motion for Preliminary Injunction. Defendants have made no response to the motion.

Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motion for Preliminary Injunction (Doc. 9), be **DENIED**.

### I.   BACKGROUND

Plaintiff states the jail doctor, Dr. Huskins, has scheduled an appointment for the Plaintiff to have a "nerve block done." Id. Plaintiff has pain in his ribs, the alleged denial of medical care for this pain is a basis for Plaintiff's Complaint in this matter.

(Doc. 1). Plaintiff now states that he has not been physically examined by Dr. Huskins, but Dr. Huskins has diagnosed him with a slipped rib, based solely on an x-ray. (Doc. 9). Dr. Huskins also told Plaintiff that if the nerve block was unsuccessful, then Plaintiff's rib would need to be removed. Id.

Plaintiff has been previously told it was torn cartilage in his ribs which caused the pain, and states the nerve block is a "life altering" procedure, where he will "never feel anything in [his] ribs again" and he is "not sure" his rib is slipped. Id. Further, the block will be done through his spine which is "very scary and many things could go wrong." Id. Plaintiff requests another opinion from a separate doctor before the procedure is preformed. Id.

**II.  APPLICABLE LAW**

The two kinds of immediate injunctive relief are Preliminary Injunctions and Temporary Restraining Orders and they differ in several respects,[1] but the applications for each are generally

---

[1] Rule 65 of the Federal Rules of Civil Procedure provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party" FED. R. CIV. P. 65(a)(1), while a TRO "may be granted without written or oral notice to the adverse party or that party's attorney," but "only if" certain requirements are met. See FED. R. CIV. P. 65(b). Thus, a TRO may be, but does not have to be, issued *ex parte*, but a preliminary injunction cannot be issued without notice to the adverse party. However, although a preliminary injunction cannot be issued without notice, the fact that notice is provided does not necessarily mean that the relief granted will be a preliminary injunction rather than a TRO. See Baker Elec. Co-op., Inc. v. Chaske, 28 F.3d 1466, 1472 (8th Cir. 1994). In the case at bar, it is clear the Defendants had notice, but chose not to respond to the Motion for a Preliminary Injunction.

measured against the same factors, which were established in Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc).  The Court will consider: (1) the threat of irreparable harm to the movant; (2) the state of balance between the harm and the injury that granting the injunction will inflict on the other party litigants; (3) the probability that the movant will succeed on the merits; and (4) the public interest.  No single factor is dispositive, but the movant must establish a threat of irreparable harm.  Id.  Without a finding of irreparable injury, a preliminary injunction should not be issued.  Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 738 (8th Cir. 1989) (en banc).

In Gof v. Harper, 60 F.3d 518, 520-21 (8th Cir. 1995), the court addressed the district court's role in inmate applications for injunctive relief as follows:

> [I]n the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration . . .. The courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.

Id. Courts are further cautioned that, "injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights, be those rights protected by statute or by the common law." Rogers v. Scurr,

676 F.2d 1211,1214 (8th Cir. 1982) (quoting Holiday Inns of Am. v. B & B Corp., 409 F.2d 614, 618 (3rd Cir. 1969)).

**III.     DISCUSSION**

Plaintiff has requested as injunctive relief that he be given a second opinion from another doctor before a nerve block is preformed to resolve his rib pain. Considering the threat of irreparable harm, the court noes that "absent a showing of real or immediate threat, there can be no showing of irreparable injury." Randolph v. Rogers, 170 F.3d 850, 856 (8th Cir. 1999) (quoting City of Los Angeles v. Lyons, 461 U.S. 95 (1983).

A failure to provide adequate medical care is a concern, however, Plaintiff is no longer incarcerated in the Benton County Jail. (See Doc. 14). Therefore, Plaintiff is not under the care of or treatment decisions of Dr. Huskins, and is free to seek the an opinion and treatment for his rib pain from his chosen physician. Thus, there is no irreparable harm to the Plaintiff for denial of his injunctive relief, and his motion is moot.

As the Court finds Plaintiff fails to satisfy the first Dataphase factor of irreparable harm, the Court will not address the other factors.

**IV.     CONCLUSION**

Accordingly, I **RECOMMEND** the Motion for Injunction (Doc. 9) be **DENIED as moot**, for the forgoing reasons.

**The parties have fourteen (14) days from receipt of this**

report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 27th day of May 2011.

>  /s/ Erin L.  Setser
>  HON.  ERIN L.  SETSER
>  U.S. MAGISTRATE JUDGE