```
          IN THE UNITED STATES DISTRICT COURT
             WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

**DAVID MARTIN PYLE**                                               **PLAINTIFF**

v.                       Civil No.: 5:11-cv-5038

**DR. JOHN HUSKINS and**
**SHERIFF KEITH FERGUSON**                                         **DEFENDANTS**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Now before the Court is Plaintiff's Complaint. (Doc. 1). Plaintiff's Complaint was filed by utilizing a form entitled "Form to be Use by Prisoners in Filing a Complaint Under the Civil Rights Act, 42 U.S.C. § 1983." (Id.) Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Complaint (Doc. 1), be **DISMISSED with prejudice** for failure to prosecute this action and for failure to obey an Order of the Court.

**I.   BACKGROUND**

Defendants filed a Motion for Summary Judgment on July 25, 2011. (Doc. 23). On July 28, 2011, this Court issued an Order directing Plaintiff to complete and return a Notice to the Court regarding whether the Plaintiff would require assistance from the Court in responding to the Motion for Summary Judgment, or if he would prefer to file his own response. (Doc. 28). Plaintiff was directed to return the Notice on or before August 25, 2011, or his

case "will be subject to summary dismissal for failure to obey the order of this Court and failure to prosecute this action."  (Id.)

As of the date of the entry of this Report and Recommendation, no mail has been returned to the Court and Plaintiff has not returned his Notice, filed any response to the Motion for Summary Judgment, or corresponded with the Court in any manner.

## II.  APPLICABLE LAW

Dismissal of a case for failure to prosecute and failure to comply with orders of the Court is specifically contemplated by the Federal Rules of Civil Procedure.  FED. R. CIV. P. 41(b) (district court may dismiss case for failure to prosecute or comply with court orders); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (district court has power to dismiss *sua sponte* under Rule 41(b)); Brown v. Frey, 806 F.2d 801, 803-04 (8th Cir. 1986) (quoting Haley v. Kansas City Star, 761 F.2d 489, 491 (8th Cir. 1985)) (a district court has the power to dismiss an action for the plaintiff's failure to comply with *any* court order; such a dismissal may be *with* prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff'") (emphasis added); Garrison v. Int'l Paper Co., 714 F.2d 757, 759 (8th Cir. 1983) (it is well settled that the district court has inherent power, acting on its own initiative, to dismiss a cause of action with prejudice for want of prosecution).

### III.  DISCUSSION

Plaintiff was given until August 25, 2011 to return his Notice to the Court. (Doc. 28). Plaintiff did not seek additional time beyond the August 25, 2011 deadline. Moreover, the Court has received no returned mail or other indication Plaintiff did not receive a copy of the Order directing him to file the Notice.

Plaintiff was specifically cautioned in the Order directing him to complete the Notice that failure to return a completed Notice within the required time-frame could result in a summary dismissal of his case for failure to obey an Order of the Court. (Id.) Accordingly, this case should be dismissed for failure to follow a Court Order and failure to prosecute.

### IV.  CONCLUSION

For the forgoing reasons I recommend the above-styled case be **DISMISSED for failure to prosecute and failure to follow a Court Order and that all pending motions be likewise terminated.**

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED this 2nd day of September 2011.**

/s/Erin L. Setser
HON.  ERIN L.  SETSER
U.S. MAGISTRATE JUDGE